IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 JAN -6 AM 9:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TERRY L. RAINEY, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV99-H-3220-NE |
| THE CITY OF HUNTSVILLE, ALABAMA, a Municipal Corporation; WATER POLLUTION CONTROL, INC., a corporation; SHANNON DICKINSON, Individually, and as the Manager/Head of The City of Huntsville, Alabama, Water Pollution Control Division and as an agent, servant and employee of Water Pollution Control, Inc.; WILLIAM THOMAS, Individually and as Operations Supervisor for the City of Huntsville, Alabama, Water Pollution Control Division and as agent, servant and employee of Water Pollution Control, Inc.; and WENDELL STOKES, Individually and as Director of Public Works Services of The City of Huntsville, Alabama, and as agent, servant and employee of Water Pollution Control, Inc., | ) | |
| DEFENDANTS. | ) | |

ENTERED
JAN - 6 2000

## MEMORANDUM OF DECISION

The court has before it the December 30, 1999 motion of all defendants in their several capacities to dismiss this action. The motion contains a number of grounds common to all defendants and additional grounds commonly only to some of the defendants.



The complaint to which the motions are addressed contain several counts attempting to assert claims under 42 U.S.C. § 1983 for deprivation of rights secured under the Constitution. It also contains several counts invoking the supplemental jurisdiction of this court seeking to pursue claims under state law.

The central focus of the motions to dismiss points out that essentially every single fact set forth in the complaint upon which the § 1983 claims are based occurred prior (and in most instances several years prior) to December 3, 1997. While a complaint of that nature filed by a pro se plaintiff might be acceptable, this complaint was signed by two members of the Bar of this court. The motions to dismiss correctly point out that the complaint reflects that the claims under 1983, to the extent that any such claims are alleged, are barred by the relevant two-year statute of limitations. By separate order the court will dismiss the claims stated or sought to be stated in the complaint under 42 U.S.C. § 1983. Since that order will dismiss all claims over which this court has original jurisdiction, the court will, pursuant to 28 U.S.C. § 1367, decline to exercise supplemental jurisdiction over the state law claims and those claims will be dismissed without prejudice. A separate order will be entered.

DONE this 6th day of January, 2000.

_____
SENIOR UNITED STATES DISTRICT JUDGE