IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 FEB 15 PM 2:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

TERRY L. RAINEY, )
      PLAINTIFF, )
VS. ) CV99-H-3220-NE
THE CITY OF HUNTSVILLE, ALABAMA, )
a Municipal Corporation;
WATER POLLUTION CONTROL, INC., )
a corporation; SHANNON
DICKINSON, Individually, and )
as an agent, servant and
employee of Water Pollution )
Control, Inc.; WILLIAM THOMAS,
Individually and as agent, )
servant and employee of
Water Pollution Control, Inc.; )
WENDELL STOKES, Individually
and as agent, servant and )
employee of Water Pollution
Control, Inc.; )
      DEFENDANTS. )

ENTERED
FEB 15 2000

## MEMORANDUM OF DECISION

On January 6, 2000 the court dismissed the § 1983 claims included in the original complaint, declined to exercise supplemental jurisdiction over the state law claims included therein and dismissed the state law claims expressly without prejudice to pursue such claims in a state court. The court gave plaintiff leave to file an amended complaint with specific instructions to counsel for plaintiff. Among those instructions were that the only claims "which are included in the amended

complaint must be those cognizable under 42 U.S.C. § 1983," and that the "amended complaint must not sue an individual defendant in an 'official' capacity but only in an 'individual' capacity." The amended complaint filed January 21, 2000 violated both of those express directives, among others set forth in the January 6, 2000 order.

On February 2, 2000 the court directed plaintiff to show cause, if any there be, why the court should not:

> (1) strike the amended complaint for failure to comply with the January 6, 2000 order, (2) dismiss any federal law claims in this action for failure to prosecute them in accordance with the January 6, 2000 order, and (3) again decline to exercise supplemental jurisdiction over any state law claims in this action, dismissing those state law claims without prejudice.

Unless the failure or inability to comprehend the express directives of the court is viewed as sufficient cause (and the court does not so view it), the February 11, 2000 response by plaintiff to the February 2, 2000 order wholly fails to set forth sufficient cause. Counsel insists that he is complying with the show cause order when he includes in the amended complaint the three state law claims under Counts II, III and IV. Moreover, he argues that he had to do that in the amended complaint or lose those claims under principles of res judicata or collateral

2

estoppel.[1]  Counsel attempts to justify suing the three individual defendants in a capacity other than their individual capacity by Stevenson v. Precision Standard, Inc., 1999 WL 722691 (Ala. 1999).  The court is satisfied that no useful purpose can be served by endeavoring to explain why that case required under the circumstances here presented suing the individual defendants contrary to the express direction in the January 6, 2000 order. The court does point out however that Stevenson does not stand for the proposition that

> where liability is sought to be established against such entity as a result of the acts or omissions of its agents, servants and employees, the agent, servant and/or employee who committed the act or omission must also be included as a party to the lawsuit.

(February 11, 2000 response of plaintiff, page 3).

The court will enter an order dismissing the § 1983 claims for lack of prosecution for failure to show sufficient cause pursuant to the February 2, 2000 order.  With the dismissal of all claims over which this court has original jurisdiction, it will again decline to exercise supplemental jurisdiction over any state law claims in this action and will by separate order dismiss the state law claims without prejudice.  A separate order

---

[1] Since the state law claims in the original complaint were before this court only under its supplemental jurisdiction and were dismissed under 28 U.S.C. § 1367(c)(3), such a concern was without merit.

3

dismissing the state claims without prejudice will be entered and a final judgment dismissing the § 1983 claims for lack of prosecution will be entered.

DONE this 15th day of February, 2000.

```
                            /s/ James H. Hancock
                            SENIOR UNITED STATES DISTRICT JUDGE
```